**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FRANK H. ABBOTT,**

      **Plaintiff,**
v.              3:19-CV-1151

**NEW YORK STATE DIVISION OF STATE POLICE,**
**and JEFFREY VANAUKEN, in his individual**
**capacity,**

      **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I. INTRODUCTION**

Plaintiff commenced this action against Jeffrey VanAuken ("VanAuken"), a Captain with the New York State Police and Plaintiff's supervisor, and the New York State Police ("State Police"). He asserts claims under the Americans With Disabilities Act ("ADA") and 42 U.S.C. §1983. Specifically, the four causes of action alleged in the Complaint are: 1) harassment/hostile work environment and discrimination under the ADA (a particular defendant is not specified); 2) failure to accommodate under the ADA (again, a particular defendant is not specified); 3) retaliation (again, a particular defendant is not specified and the Complaint does not state whether Plaintiff is proceeding under the ADA or another theory); and 4) a §1983 claim against Defendant VanAuken asserting an equal protection claim based on VanAuken's discrimination of Plaintiff due to Plaintiff's disability (see Compl.

1

¶ 167[1]).

Defendants move to dismiss all claims in this action. ECF #12. Plaintiff responds with a cross-motion seeking leave to amend the Complaint. *See* ECF #16. In the cross-motion, Plaintiff indicates that he withdraws his First and Second Causes of Action under the ADA, withdraws all claims against the State Police, and seeks permission to amend his complaint to clarify that both remaining claims are brought under 42 U.S.C. § 1983, to add Major Neeley Jennings ("Jennings"), a human resource official with the State Police, as a party to the retaliation claim (the First Cause of Action if amendment is permitted), and to add additional facts to the "equal protection-harassment claim against VanAuken" (the Second Cause of Action if amendment is permitted). ECF # 16-1. Defendants oppose the cross-motion, arguing that amendment would be futile. ECF # 19.

## II. DISCUSSION

### a. Withdrawn Claims

Inasmuch as Plaintiff withdraws his claims under the ADA and all claims against the State Police, that much of Defendants' motion addressed to these claims is granted and these claims are dismissed. Plaintiff offers no opposition to Defendants' arguments addressed to the other claims in the Complaint but rather cross-moves for leave to file an amended complaint. Because an amended complaint supersedes in all respects the original pleading, the Court turns to Plaintiff's cross-motion to amend to determine whether any claims survive.

### b. Motion to Amend

---

[1]("VanAuken's conduct violates the equal protection guarantee of the Constitution as his harassment and poor treatment of Abbott was based solely on the fact that Abbott had a disability – PTSD.")

A motion to amend is evaluated under Federal Rule of Civil Procedure 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). Although a liberal standard, a court may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Defendants assert that Plaintiff's sought-after amendments would be futile. An amendment is futile if the proposed claim could not survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)(citation omitted).

### 1. First Cause of Action

The First Cause of Action in the proposed amended complaint, ECF # 16-3, asserts retaliation claims against VanAuken and Jennings under § 1983. Plaintiff asserts that after he went out on medical leave because of post-traumatic stress disorder ("PTSD") he suffered as a result of a work-related incident, he met with VanAuken weekly and received repeated telephone calls from him in accordance with standard State Police protocol to determine when Plaintiff would be able to return to duty. Plaintiff asserts that VanAuken began pressuring and harassing him to return to work, stating such things as Plaintiff's medical leave was "a bunch of bullshit" and that Plaintiff did not "need this to get out of hand" like another Trooper who had been out on sick leave due to an on-duty injury. Plaintiff contends that VanAuken's conduct during the sick leave visits, and during telephone calls, was causing him anxiety and was having a detrimental impact on his

3

therapy with his psychologist.  Plaintiff asserts that after he complained about VanAuken's conduct to, *inter alia*, the Employee Assistance Program ("EAP") and the Police Bevenolent Association attorney who transmitted the complaint to Jennings, VanAuken escalated his harassment of Plaintiff by treating him in a disrespectful or curt manner, by appearing angry when they interacted, and by making several statements indicating that Plaintiff should get back to work.  Plaintiff also asserts that his treating psychologist reported to State Police Human Resources that Plaintiff's progress in treatment "was stunted" because of the way Plaintiff was treated "during the sick leave visits."  Plaintiff also asserts that after an advocate made complaints on Plaintiff's behalf, "the New York State Police became more difficult and inflexible with Abbott and engaged in additional harassment of him."  Plaintiff also points to his treating psychologist's sessions notes from September 2018 that indicate that "[i]t is clear that these [sick leave] visits from the agency are blocking progress in therapy."  In addition, Plaintiff asserts that the session notes stated that the psychologist intended to "[d]raft a letter stating that in order for therapy to continue productively that these visits by the police agency for whom [Abbott] worked will need to stop at least until [Abbott's] immediate situation and PTSD symptoms are resolved."  Plaintiff contends that on September 17, 2018, his treating psychologist "sent a letter to the State Police which stated that the sick leave visits were detrimental to Abbott's treatment and requesting an accommodation of some other form of check in until Abbott could better handle the visits."  He contends that Jennings acknowledged receipt of this letter but said that "they will continue to follow the protocol" for sick leave visits with VanAuken.  Plaintiff contends that, upon information and belief, "Major Jennings' refusal to accommodate Abbott's request for another form of check in was in retaliation for Abbott's complaints about VanAuken."

Further, he asserts that the "harassing conduct of VanAuken continued at sick leave visits after Abbott's conversation with Major Jennings and in some cases worsened."

To establish a prima facie case of unlawful employment retaliation under § 1983, "an employee must show that (1) he was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 24 (2d Cir. 2014) (internal quotation marks omitted); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 91 (2d Cir. 2015) ("[f]or a retaliation claim under § 1983 to survive . . . a motion to dismiss, the plaintiff must plausibly allege that: (1) defendants acted under the color of state law, (2) defendants took adverse employment action against him, (3) because he complained of or otherwise opposed discrimination."). "In the context of a retaliation claim, 'an adverse employment action is any action that could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Morris v N.Y. State Police*, 268 F Supp 3d 342, 368-369 (N.D.N.Y. 2017)(quoting *Vega*, 801 F.3d at 90). "This definition covers a broader range of conduct than does the adverse-action standard for claims of discrimination. . . . '[T]he anti-retaliation provision, unlike the substantive [discrimination] provision, is not limited to discriminatory actions that affect the terms and conditions of employment.'" *Id.* at 369 (quoting *Vega*, 801 F.3d at 90). A plaintiff may also allege that he suffered from an "atmosphere" of adverse employment action. Under this theory, "a combination of seemingly minor incidents" may satisfy the adverse-action prong "once they reach a critical mass." *Rooney v. Brown Group Retail, Inc.*, 2011 U.S. Dist. LEXIS 34918, at *44-45

(E.D.N.Y. March 31, 2011)(citing *Phillips v. Bowen*, 278 F.3d 103, 109 (2d Cir. 2002) (applying the "atmosphere" theory of adverse action to First Amendment retaliation claims)); *see also Barry v. New York City Police Dept.*, 2004 U.S. Dist. LEXIS 5951 (S.D.N.Y. April 7, 2004) ("Lesser actions or seemingly minor incidents can . . . be considered adverse employment actions once they reach a critical mass of unreasonable inferiority."); *Gonzalez v Bratton*, 2000 US Dist LEXIS 12002, at *47 (S.D.N.Y. Aug. 21, 2000)("[T]he accumulation of small reprisals may be aggregated so as to permit consideration of their impact in their totality and to support their being deemed sufficient to constitute adverse employment action . . . ." )(citing *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 764 (2d Cir. 1998)). "A plaintiff may establish causation either directly through a showing of retaliatory animus, or indirectly through a showing that the protected activity was followed closely by the adverse action." *Smith v. Cty. of Suffolk*, 776 F.3d 114, 118 (2d Cir. 2015) (citing *Cobb v. Pozzi*, 363 F.3d 89, 108 (2d Cir. 2004)).

      Plaintiff presents plausible allegations that, following his complaints about VanAuken's conduct during sick leave visits, VanAuken subjected him to increased harassment that negatively affected Plaintiff's PTSD therapy. Further, this conduct by VanAuken continued, and was allowed to continue by Jennings, despite Plaintiff's psychologist reporting the negative effects of VanAuken's conduct on Plaintiff's mental health treatment. Plaintiff's specific allegations of VanAuken's harassing conduct following Plaintiff's complaints are sparse but he has alleged that there was regular and repeated harassing conduct by VanAuken. Thus, it is plausible that Plaintiff could establish that VanAuken's conduct reached a critical mass. While Plaintiff may not ultimately establish

that he suffered an adverse action, the cases Defendants cite in opposition to this issue were decided either on summary judgment or after trial. Here, at this stage of the proceedings, the question is only whether Plaintiff has stated a plausible adverse action caused by his complaints. The Court finds that he has.

Further, Plaintiff's allegations indicate that VanAuken's conduct had a detrimental impact on Plaintiff's mental health treatment yet continued and escalated after Plaintiff complained. These allegations plausibly establish a situation that could dissuade a reasonable worker from making or supporting a charge of discrimination.

Plaintiff also alleges facts that plausibly support causation. Plaintiff alleges that shortly after he complained to Jennings the first time, VanAuken escalated his behavior, became angry and aggressive toward him and increasingly hostile. Plaintiff also alleges that after his second complaint to Jennings, Jennings refused to consider any accommodation for Plaintiff, and instead required Plaintiff to continue meeting with VanAuken who was abusive to Plaintiff.

The Court finds that Plaintiff has stated plausible employment retaliation claims against VanAuken and Jennings. Therefore, Plaintiff is granted leave to amend the complaint to add the First Cause of Action asserted in the proposed amended complaint.

### 2. Second Cause of Action

In the Second Cause of Action in the proposed amended complaint,[2] Plaintiff asserts that "VanAuken's conduct violated the equal protection guarantee of the Constitution as his

---

[2] The second cause of action in the proposed amended complaint is identified as the "Fourth Cause of Action." This appears to be the caption from the Complaint but inadvertently not changed in the proposed amended complaint.

harassment and poor treatment of Abbott was based solely on the fact that Abbott was a police officer who had a disability – PTSD." ECF #16-3, ¶ 155.  Plaintiff alleges that VanAuken treated him and other officers who were disabled and could not return to work differently than officers who did not have disabilities.  *Id.*, ¶¶ 156 – 157.

      Defendants argue that Plaintiff's claim of disability discrimination under §1983 should fail because claims of disability discrimination are not actionable under § 1983.  ECF # 19, at 8-9 (citing *Bd. of Trs. v. Garrett*, 531 U.S. 356, 368, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001) ("If special accommodations for the disabled are to be required, they have to come from positive law and not through the Equal Protection Clause."); *A.K v. Westhampton Beach Sch. Dist.*, 2019 U.S. Dist. LEXIS 167085, at *49 (E.D.N.Y. Sept. 27, 2019) ("to the extent Plaintiffs' claim of disability discrimination and retaliation are based upon the rights provided by the ADA and Section 504, their claim is not actionable under Section 1983"); *Dotson v. City of Syracuse*, 2019 U.S. Dist. LEXIS 76797, at *31-32 (N.D.N.Y. May 7, 2019) ("the courts have uniformly held that disability discrimination claims cannot proceed under Section 1983 because there are specific statutes that provide for such relief"); *Fierro v. N.Y.C. Dep't of Educ.*, 994 F. Supp. 2d 581, 590 (S.D.N.Y. 2014)(dismissing § 1983 Equal Protection Clause claim that defendants discriminated against plaintiff on the basis of her disability and created a hostile work environment because "freedom from discrimination on the basis of disability is a right secured by statute . . . not by the Constitution.")).  The Court agrees that, to the extent Plaintiff is asserting a disability discrimination claim in the Second Cause of Action in the proposed amended complaint, the claim is not cognizable under § 1983.  Furthermore, disability is not a suspect classification under the Equal Protection

Clause. *See Chick v. Cty. of Suffolk*, 546 F. App'x 58, 60 (2d Cir. 2013)("In dismissing Chick's disability discrimination claim, the district court correctly determined that disability is not a suspect classification under the Equal Protection Clause.")(citing *Suffolk Parents of Handicapped Adults v. Wingate*, 101 F.3d 818, 824 n. 4 (2d Cir.1996), *cert denied*, 520 U.S. 1239, 117 S. Ct. 1843, 137 L. Ed.2d 1047 (1997)). Consequently, it would be futile to amend the complaint to add the Second Cause of Action asserted in the proposed amended complaint.

### III. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss, ECF #12, is **GRANTED in part**, and all claims brought under the Americans with Disabilities Act and all claims brought against the New York State Division of State Police are **DISMISSED**.

Further, Plaintiff's cross-motion seeking leave to file an amended complaint, ECF # 16, is **GRANTED in part and DENIED in part.** Plaintiff is granted leave to file an amended complaint that contains the First Cause of Action presented in the proposed amended complaint, but leave is denied as to the Second Cause of Action presented therein. Plaintiff must file the Amended Complaint within fourteen (14) days of the date of this Decision and Order, and upon its filing it will become the operative complaint in this matter.

The Clerk of the Court may terminate the New York State Division of State Police as a defendant in this matter.

**IT IS SO ORDERED.**

Dated: September 29, 2020

Thomas J. McAvoy
Senior, U.S. District Judge